**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/23/2021

JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

SCOTT A. WHORLEY,
        Plaintiff,        )
          )
          )
v.          )
          )    Civil Action No: 6:21CV00045
INTERNATIONAL PAPER        )
        Defendant.    )
          )
          )
_____)

## COMPLAINT

Plaintiff Scott Whorley, respectfully moves the Court for judgment against the Defendant, International Paper, and as grounds therefore, states as follows:

### JURISDICTION AND VENUE

1.    This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, and 42 U.S.C. § 12112, *et seq.*, the Americans with Disabilities Act ("ADA"), and Va. Code § 51.5-1, the Virginians with Disabilities Act ("VDA").

2.    This Court has jurisdiction and venue, pursuant to 42 U.S.C. § 2000e, *et seq.*, 28 U.S.C. § 1343, 1337 and 1391(b), *inter alia*.

3.    The Plaintiff, Scott Whorley, is a resident of this judicial district, residing in Lynchburg, Virginia.

4.      The Defendant, International Paper (herein alternatively, "I.P."), is a corporation headquartered in Memphis, Tennessee. Defendant operates their local operations at 3491 Mayflower Drive, Lynchburg, Virginia 24501, the site of Mr. Whorley's employment.

5.      At all times relevant to this action, the acts herein complained took place in this judicial district, and the Defendant was an "employer" engaged in commerce as defined by Title VII, and was thereby subject to said laws.

6.      Plaintiff timely filed his charge of discrimination with The United States Equal Employment Opportunity Commission as required by law: received a Notice of Right to Sue dated May 28, 2021 (see Exhibit "A" attached) and files this action within ninety (90) days of his receipt of the Notice of Right to Sue letter, and more than sixty (60) days after filing his charge under the ADA.

## FACTS

7.      The Plaintiff is a 41-year-old citizen of the United States of America residing in Lynchburg, Virginia.

8.      At all relevant times, the Defendant was an employer, who consistently employed workers in Lynchburg, Virginia.

9.      The Plaintiff was exposed to COVID-19 on or before December 8th, 2020, at which point both his fiancé and son tested positive for the virus.

10.     At all relevant times, the Plaintiff was employed by Defendant International Paper as a "Wet End Operator." Plaintiff's employment with Defendant was terminated on December 23, 2020, after providing 4+ years of good and valuable services to International Paper in Lynchburg.

11.     On or before December 8, 2020, Plaintiff was exposed to COVID-19. Mr. Whorley informed his supervisor, "RM" Harris, that his son was positive for COVID-19. Supervisor Harris then instructed Mr. Whorley to stay home.  General Manager Rob Marquis told Mr. Whorley on December 9, 2020, to quarantine for 10 days and that Mr. Whorley could not return to work until December 18, 2020.

12.     General Manager Marquis later texted Mr. Whorley on December 9, 2020, to clarify the extent of Mr. Whorley's COVID exposure. Supervisor Harris reportedly believed that Mr. Whorley had tested positive for COVID-19 (rather than merely reporting Mr. Whorley's family exposure) to the virus. Mr. Whorley then expressly clarified to Supervisor Harris that his fiancé and son had tested positive.  Whorley further advised Harris was going to schedule a COVID test in the coming days, out of caution.

13. Plaintiff returned to work after his employer directed 10-day quarantine period December 18, 2020. He also informed Supervisor Harris that he had, indeed, scheduled a follow-up COVID test.

14. The following day, on December 19, 2020, Defendant's General Manager, Rob Marquis, informed Mr. Whorley that he was suspended, "pending termination."

15. On December 23, 2020, Defendant's Production Manager, John Lemmon, called Mr. Whorley and informed him that his employment with International Paper had been terminated.

16. Defendant's agents informed Plaintiff that the reasons for his suspension and termination were an allegation that he had violated Shop Rules #20 and #21 of I.P. Shop Rule #20 reads: "Intolerable Offense: Falsifying personnel record or giving false information on written application for employment." Shop rule #21 reads: "Intolerable Offense: Falsifying of any Company report, records, timecards, or other information."

17. Plaintiff reported his exposure to COVID-19 to his employer, pursuant to Virginia Governor Northam's July 2020, emergency workplace safety and health standard. At no time did Plaintiff falsify or misrepresent to I.P. any information, records, or any other type of reports. Defendant knew or had reason to know the true facts of Plaintiff's COVID-19 case. Defendant's agents wrongfully asserted that Plaintiff had

claimed to have <u>contracted</u> COVID-19, rather than merely informing Defendant of his <u>exposure</u> to COVID-19.

18.    I.P., electing to take the position that Plaintiff willfully misrepresented information to I.P. (rather than merely reporting his health status, in accordance with the statewide health mandate) erroneously, needlessly and wrongfully terminated Plaintiff's employment asserting such information as a pretext for discharging Plaintiff Whorley for having a perceived disability.

19.    International Paper pre-textually alleged Whorley was willfully misrepresenting information to the employer, in order to manufacture grounds for termination. They had neither cause nor evidence to show Plaintiff Whorley had done anything other than merely reporting his health status in accordance with the statewide health mandate, refusal to do so potentially endangering I.P. co-workers. Defendant erroneously and needlessly terminated Plaintiff's employment, in order to eliminate a potential Covid risk to the workplace, Plaintiff contends.

20.    Unlike other employees at International Paper who had quarantined or were tested for COVID-19, Plaintiff was treated differently for non-justifiable medical reasons and was discriminated against, ending in the termination of his employment on December 23, 2020.

21.    Whorley was without employment for an extended period until he was able to secure employment with Frito Lay.  He had and continues to suffer substantial and ongoing wage loss of an estimated $45,000 for 2021, and will incur wage loss for the foreseeable future.

## COUNT I – ADA Violation

22.    Plaintiff believes and therefore alleges that the course of conduct of the Defendant towards him, evident by the disparate treatment towards him regarding a perceived impairment relating to a diagnosis of a disease (COVID-19), amounts to a violation of the Americans with Disabilities Act, as:

a.    Plaintiff's COVID exposure status resulted in him being "Regarded as" having a disability as defined by 42 U.S.C. § 12102(3A).

b.    Plaintiff was and is otherwise qualified for the Wed End Operator position.

c.    Plaintiff was discharged because I.P. regarded him as having or perceiving him to have a medical disability.

d.    Plaintiff is an individual qualified for protection by the ADA.

## COUNT II – VDA Violation

23.    Plaintiff was terminated December 23, 2020 which the discriminatory actions taken against him by the Defendant were in violation and pursuant to the Virginians with Disability Act as defined in Va. Code § 51.5-1.  Defendant's conduct was knowingly indifferent to Plaintiff's actual status, and which constitutes a recklessly

indifferent, callous disregard of his individual circumstances and rights, which if proven entitles him to both compensatory and punitive damages.

24.     The discriminatory actions taken by Defendant had, and will continue to have, an adverse economic impact of the Plaintiff.

25.     As a direct and proximate result of Defendant's action, Plaintiff has suffered and will continue to suffer and incur pecuniary loss, non-pecuniary general, and special damages.

26.     At all times relevant hereto, Defendant engaged in discriminatory practices with willful disregarding malice or reckless indifference to the legally protected rights of the Plaintiff, so as to support an award of compensatory, general liquidated and/or punitive damages, and attorney fees.

27.     The above described acts of the Defendant constitute discrimination based on Plaintiff's perceived disability, in violation of all applicable federal and state laws.

## CONCLUSION

**WHEREFORE**, Plaintiff prays for judgment against the Defendant for equitable relief, reinstatement of benefits, compensatory, liquidated and punitive damages in the amount of $250,000, pre-judgment interest, attorney's fees, costs and such other relief

as may be just and equitable and to which the evidence presented therein supports relief.

**TRIAL BY JURY IS DEMANDED.**


Scott A. Whorley


By: /s/Philip B. Baker
            Of Counsel

Philip B. Baker
VSB #:  23434
SANZONE & BAKER, LLP
valaw@sanzoneandbaker.com
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(434) 528-5264 (fax)
        *Counsel for Plaintiff*

**CERTIFICATE**

I hereby certify that on the 23rd day of August, 2021, this Complaint was electronically filed with the Clerk of Court using the CM/ECF system, and prepared for service on the Defendant.


/s/ Philip B. Baker_____

Philip B. Baker
VSB #:  23434
Mark B. Dunevant
VSB # 76680
SANZONE & BAKER, LLP
valaw@sanzoneandbaker.com
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(434) 528-5264 (fax)
        *Counsel for Plaintiff*